**FILED**

**March 29, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 12:33 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **LEISA MOLITOR,** | Docket No.: **2015-03-0196** |
| **Employee,** | |
| **v.** | State File No.: **38270-2015** |
| **SHOE SHOW, INC.,** | |
| **Employer,** | **Judge Lisa Lowe Knott** |
| **And** | |
| **TRUMBULL INSURANCE CO.,** | |
| **Carrier.** | |

---

## BIFURCATED COMPENSATION HEARING ORDER

---

This matter came before the undersigned Workers' Compensation Judge for a Bifurcated Compensation Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Ms. Molitor's back injury arose primarily out of and in the course and scope of her employment.[1] For the reasons set forth below, this Court finds Ms. Molitor established by a preponderance of the evidence that she sustained an injury arising primarily out of and in the course and scope of her employment with the Employer, Shoe Show, Inc. Accordingly, the Court finds this matter shall proceed to the second stage of bifurcation for a Compensation Hearing on the issue of medical and/or temporary disability benefits.

### History of Claim

Ms. Molitor is a fifty-six-year-old resident of Knox County, Tennessee, and Shoe Show, Inc. employed her as a sales associate. Generally, the facts of this case are not in dispute. On April 4, 2015, Ms. Molitor entered Shoe Show and placed her purse behind the counter. She then realized she left her glasses in her vehicle in the parking lot. Prior to clocking in, Ms. Molitor returned to her vehicle and obtained her glasses. On her way back into the store, she encountered a gentleman with a disability in Shoe Show's parking lot. He

---

[1] A complete listing of the technical record, stipulations, and exhibits admitted at the Compensation Hearing is attached to this Order as an appendix.

1

asked Ms. Molitor to remove his wheelchair from his vehicle. While moving the wheelchair, a shirt button on Ms. Molitor's uniform became stuck in part of the wheel chair, causing her to fall forward and injure her back. A Good Samaritan assisted Ms. Molitor in dislodging her button and helping the disabled gentleman into the wheelchair. Ms. Molitor attempted to work her shift but had to leave after two hours due to pain. Shoe Show denied any responsibility for workers' compensation benefits, and Ms. Molitor sought unauthorized care and treatment.

Ms. Molitor filed a PBD on May 20, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed the DCN on June 22, 2015. Ms. Molitor filed the appropriate Request for Expedited Hearing on July 7, 2015, and the Court conducted the Expedited Hearing on August 12, 2015. Ms. Molitor was not represented by counsel at that time. The Court issued an Expedited Hearing Order Denying Benefits on September 16, 2015. An Initial Hearing followed and, at that time, the parties requested this matter be bifurcated in order to determine the issue of compensability. This Court conducted the compensability portion of the Compensation Hearing on March 8, 2016.

At the Compensation Hearing, Ms. Molitor asserted that at the time of the injury she was on Shoe Show's premises, wearing a Shoe Show uniform shirt, acting as a representative of Shoe Show, and providing good customer service pursuant to her job duties. In addition, Ms. Molitor asserted Shoe Show benefited from her action of helping the gentleman with a disability because he entered the store and purchased a pair of shoes.

Shoe Show countered that Ms. Molitor undertook a purely altruistic and voluntary activity in helping the disabled man, and that action was outside her expected job duties. In addition, Shoe Show asserted there was no hazard incident to the employment that caused Ms. Molitor's back injury. Therefore, her injury did not arise primarily out of and in the course and scope of her employment.

### Findings of Fact and Conclusions of Law

Under Tennessee Workers' Compensation law, Ms. Molitor has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015). *See also* Tenn. Code Ann. § 50-6-239(c)(6) (2015). To prove a compensable injury, Ms. Molitor must show that her injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14) (2015).

The phrases "arising out of" and "in the course of" are not synonymous. An injury occurs in the course of employment if, "it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto." *Hurst v. Labor Ready*, 197 S.W.3d 756, 762 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys.*, 164 S.W.3d 350, 354 (Tenn. 2005)).

By comparison, an injury arises out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). The element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992).

During the hearing, Ms. Molitor testified that Shoe Show is a "stand-alone" store with its own parking lot. She also stated she injured her back in Shoe Show's parking lot while walking back into the store to clock in for work. The Tennessee Supreme Court addressed employee parking lot injuries in *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn. 1989). The *Lollar* Court stated:

> We hold today that a worker who is on the employer's premises coming to or going from the actual work place is acting in the course of employment. We further hold that if the employer has provided a parking area for its employees, that parking area is part of the employer's premises regardless of whether the lot is also available to customers or the general public. We agree with the statement of the New Mexico Supreme Court when it overruled its narrow "going-and-coming" rule, that in aligning ourselves with every other jurisdiction by adoption of the premises rule, we simply recognize that the "course of employment" includes not only the time for which the employee is actually paid but also a reasonable time during which the employee is necessarily on the employer's premises while passing to or from the place where the work is actually done.

*Id.* at 150.

Ms. Molitor testified that at the time of her injury she was wearing a Shoe Show uniform shirt, acting as a representative of Shoe Show, and providing good customer service pursuant to her job duties. In addition, Ms. Molitor testified the man she assisted came into the store, purchased a pair of shoes, and was assisted out of the store by her co-worker, "Crystal." Shoe Show's store manager, Vickie Bailey, also testified that Ms. Molitor's job duties include providing excellent customer service and that in the store, the sales associates are representatives of the company. Ms. Bailey made the distinction that the "store" would include the store and adjacent sidewalk but would not include the parking lot. Ms. Bailey

3

acknowledged that on three prior occasions either she or a key holder/manager helped customers carry their multiple store purchases to their vehicles in the parking lot.

Shoe Show alleged Ms. Molitor was on a personal mission at the time of her injury and cited *Lennon v. Ridge*, 412 S.W.2d 638 (Tenn. 1967), in support of its position. In response, Ms. Molitor argued the "mutual benefit test" is applicable and cited the unpublished case *English v. Compass Group USA*, No. E2012-02732-WC-R3-WC, 2013 Tenn. LEXIS 997 (Tenn. Workers' Comp. Panel Dec. 9, 2013), in support of her position.

In *Lennon*, the employee was injured while attempting to help a stranger who was an employee of another sub-contractor on the same job site. The Court identified the issue as "whether or not the injury to the employee can fairly be said to have arisen out of and to have occurred in the course of his employment with his employer." *Lennon*, 412 S.W.2d at 627. The *Lennon* Court denied benefits and found, "compensation should not be permitted unless the employee acts in some way for the benefit of or in furtherance of the interests of his employer, or pursuant to instructions given by the employer." *Id.* at 644.

In *English*, the employee injured herself while attempting to access the employer's maintenance area to remove a feral cat by climbing stacked crates of soft drinks. The employer alleged the employee was a cat lover and was acting on a personal mission unrelated to her job duties. The *English* Court discussed the "mutual benefit test" and noted:

> On one hand, an employee who is engaged in the pursuit of a personal mission, wholly unrelated to employment, at the time of an injury, is not entitled to workers' compensation benefits. On the other hand, "it is clear that as long as [a deviation from the employee's normal job duties] is for the benefit of the employer, it does not matter that it also serves purposes of the employee."

*English,* Tenn. LEXIS 997 at *10. The Court found in favor of the employee because the employer benefitted by avoiding both a disruption to its business operation and additional financial costs associated with health department fines and damaged equipment.

Given the facts of this case, the Court finds Ms. Molitor was on Shoe Show's premises acting as its representative at the time of her injury. The Court further finds that although her actions in helping this gentleman were altruistic in nature, she provided good customer service as per her job duties and Shoe Show benefited by her actions because he purchased a pair of shoes. Applying the law to these facts, this Court concludes that Ms. Molitor established by a preponderance of the evidence that her injury arose primarily out of and in the course and scope of her employment with Shoe Show, Inc.

**IT IS, THEREFORE, ORDERED** as follows:

4

1. Ms. Molitor has established by a preponderance of the evidence that her injury arose primarily out of and in the course and scope of her employment with Shoe Show, Inc. Therefore, this matter will proceed to the second stage of bifurcation for a Compensation Hearing on the issue of medical and/or temporary disability benefits. The parties shall contact the Court's legal administrative assistant, Kimberly Weaver, at Kimberly.D.Weaver@tn.gov to schedule the Compensation Hearing to address medical and/or temporary disability benefits.

**ENTERED this the 29th day of March, 2016.**

_____
**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the party who filed the notice of appeal shall have fifteen calendar days after the issuance of the docketing notice to submit a brief to the Appeals Board for consideration. Any opposing party shall have fifteen calendar days after the filing of the appellant's brief to file a brief in response. No reply briefs shall be filed. Briefs shall comply with the Practice and Procedure Guidelines of the Workers' Compensation Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015).

## APPENDIX

Technical record:

- Petition for Benefit Determination, filed May 20, 2015;
- Dispute Certification Notice, filed June 22, 2015;
- Request for Expedited Hearing, filed July 7, 2015;
- Pre-Hearing Brief, filed July 29, 2015;
- Expedited Hearing Order Denying Benefits, issued September 16, 2015;
- Initial Hearing Order, issued November 2, 2015;
- Employer's List of Witnesses, filed February 5, 2016;
- Employee's List of Witnesses and Exhibits, filed February 10, 2016;
- Employee's Pre-Hearing Statement of Facts and Law, filed March 1, 2016;
- Employer's Pre-Hearing Statement, filed March 2, 2016; and,
- Employee's Appendix to Pre-Hearing Statement of Facts and Law, filed March 7, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts of the Parties:

- The alleged date of injury is April 4, 2015.

Stipulated Conclusions of Law of the Parties:

- This claim is governed by the Workers' Compensation Law for the State of Tennessee;
- Ms. Molitor provided proper, statutory notice of the alleged injury to prospective employer, Shoe Show, Inc.; and,
- Ms. Molitor filed her Petition for Benefit Determination within the applicable statute of limitations.

Exhibits:

- EXHIBIT 1: Responses of Defendant to Plaintiff's Interrogatories and Request for Production of Documents marked for identification purposes only; and,
- EXHIBIT 2: Ms. Molitor's Personnel File.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the <u>29th</u> day of March 2016.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| John A. Willis, Esq., Employee's Attorney | | | X | johnwillis@foxandfarleylaw.com |
| Joseph W. Ballard, Esq., Employer's Attorney | | | X | joseph.ballard@thehartford.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov